IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JUAN MENDEZ, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. Act. No. 03-1054-JJF |
| | : |
| RAPHAEL WILLIAMS, GANDER HILL | : |
| PRISON, JUSTICE DEPARTMENT | : |
| FOR THE STATE OF DELAWARE, | : |
| and PRISCILLA FARR, | : |
| | : |
| Defendants. | : |

---

Juan Mendez, Pro Se Plaintiff.

---

**MEMORANDUM OPINION**

September 8, 2005
Wilmington, Delaware

**Farnan, District Judge**

The Plaintiff, Juan Mendez, a <u>pro se</u> litigant, has filed this action pursuant to 42 U.S.C. § 1983. For the reasons discussed, Plaintiff's Complaint will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**I.   STANDARD OF REVIEW**

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two step process. First, the Court must determine whether the plaintiff is eligible for pauper status pursuant to 28 U.S.C. § 1915. In this case, the Court granted Plaintiff leave to proceed <u>in forma pauperis</u> and assessed an initial partial filing fee of $58.32. Plaintiff filed the required form authorizing the payment of fees from his prison account, and the filing fee for this action has been paid in full.

Once Plaintiff's eligibility for pauper status has been determined, the Court must "screen" the Complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. § 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).[1] If the Court finds

---

[1] These two statutes work in conjunction. Section 1915(e)(2)(B) authorizes the court to dismiss an <u>in forma pauperis</u> complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. Section 1915A(a) requires the court to screen prisoner <u>in forma pauperis</u> complaints seeking redress from

Plaintiff's Complaint falls under any one of the exclusions listed in the statutes, then the Court must dismiss the Complaint.

When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the Court must apply the standard of review set forth in Fed. R. Civ. P. 12(b)(6).  See Neal v. Pennsylvania Bd. of Prob. & Parole, No. 96-7923, 1997 WL 338838 (E.D. Pa. June 19, 1997)(applying Rule 12(b)(6) standard as appropriate standard for dismissing claim under § 1915A). Accordingly, the Court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."  Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).  Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Estelle v. Gamble, 429 U.S. 97, 106 (1976)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The United States Supreme Court has held that the term "frivolous" as used in Section 1915(e)(2)(B) "embraces not only the inarguable legal conclusion, but also the fanciful factual

---

governmental entities, officers or employees before docketing, if feasible, and to dismiss those complaints falling under the categories listed in § 1915A (b)(1).

allegation." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).[2] Consequently, a claim is frivolous within the meaning of Section 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." <u>Id.</u>

## II. DISCUSSION

By his Complaint, Plaintiff alleges that he was wrongfully denied the return of property taken from him when he was arrested on August 17, 2000, including: (1) $200 in U.S. currency, (2) a gold bracelet, (3) a cell phone, and (4) a leather wallet. Plaintiff posted bail in connection with these charges and contends that he requested the return of his property. Plaintiff further contends that he was informed by employees of the prison that his belongings would be returned to him by mail. Plaintiff alleges that he did not receive the return of these items and that he was informed by letter from the Warden, Defendant Williams, that his money had been forwarded to the Delaware Division of Revenue and his property had been donated to a worthy charity.

In <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984), the United States Supreme Court held that the intentional deprivation of

---

[2] <u>Neitzke</u> applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA). Section 1915 (e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA. Therefore, cases addressing the meaning of frivolous under the prior section remain applicable. <u>See</u> § 804 of the PLRA, Pub.L.No. 14-134, 110 Stat. 1321 (April 26, 1996).

property by state employees does not constitute a civil rights violation as long as the state provides a meaningful post-deprivation remedy. The plaintiff bears the burden of establishing that the post-deprivation remedy afforded to him under state law is inadequate.

Under Delaware law, Plaintiff may bring a common law claim for conversion. "Conversion is the 'wrongful exercise of dominion over the property of another, in denial of his right, or inconsistent with it.'" Acierno v. Preit-Rubin Inc., 199 F.R.D. 157 (D. Del. 2001) (citing Resource Ventures, Inc. v. Resources Mgmt. Int'l, Inc., 42 F. Supp. 2d 423, 438 (D. Del. 1999)). Courts have recognized that a common law cause of action for conversion is a sufficient remedy to satisfy constitutional due process requirements. Murphy v. Collins, 26 F.3d 541, 543-544 (5th Cir. 1994). Because Plaintiff has an adequate remedy at state law, the Court concludes that Plaintiff cannot maintain a cause of action under Section 1983 for the alleged intentional deprivation of his property.[3] See Alexander v. Gennarini, 2005 WL 1805621, *1 (3d Cir. Aug. 2, 2005) (affirming district court's

---

[3] Ugwonali v. Dallas County District Attorney, 2003 WL 21911065, *3 (N.D. Tex. Aug. 6, 2003) (dismissing as frivolous claim for intentional deprivation of property because plaintiff has adequate remedy in the form of common law claim of conversion); Brunner v. Lancaster City Police Department, 1989 WL 83440, *1 (E.D. Pa. July 18, 1989) (dismissing as frivolous Plaintiff's § 1983 claim based on the failure of defendant to return personal property seized from plaintiff when he was arrested).

dismissal of § 1983 claim based on intentional deprivation of property because plaintiff could have filed a state law tort suit for conversion of property). Accordingly, the Court will dismiss Plaintiff's Complaint as frivolous.

    An appropriate Order will be entered.